**In re ROYAL AHOLD N.V. SECURITIES & ERISA LITIGATION**

No. CIV.1:03–MD–01539.

United States District Court, D. Maryland.

May 24, 2004.

Seth D. Goldberg, Seth D. Goldberg PC, Steven J. Toll, Daniel Stephen Sommers, Robert Joseph Barton, Cohen Milstein Hausfeld and Toll PLLC, Conor R. Crowley, Finkelstein Thompson and Loughran, Washington, DC, Gregory M. Kline, Howard Scott Jones, Adelberg Rudow Dorf and Hendler LLC, Charles J. Piven, Law Offices of Charles J. Piven PA, Steven Donald Silverman, Silverman and Thompson, Robert K. Jenner, Janet Willoughby Gershon Getz and Jenner LLC, Marshall N. Perkins, Charles J. Piven PA, Baltimore, MD, Ronald B. Rubin, Rubin and Rubin Chtd, Rockville, MD, Samuel Howard Rudman, Robert Michael Rothman, Cauley Geller Bowman and Rudman LLP, Melville, NY, Andrew J. Entwistle, Robert

Nicholas Cappucci, Stephen David Oestreich, Johnston deForest Whitman, Jr., Asuncion Cummings Hostin, Entwistle and Cappucci LLP, Robert Ira Harwood, Wechsler Harwood LLP, Robert S. Schachter, Zwerling Schachter and Zwerling, Lester Levy, Wolf, Popper, Ross, Wolf & Jones, Fred Taylor Isquith, Wolf Haldenstein Adler Freeman and Herz LLP, Ralph M. Stone, Lee S. Shalov, Shalov Stone and Bonner LLP, Steven G. Schulman, Milberg Weiss Bershad Hynes and Lerach LLP, Daniel L. Berger, Hannah Greenwald, Jeffrey Neil Leibell, Menachem E. Lifshitz, Bernstein Liebhard and Lifshitz LLP, Jonathan M. Plasse, Goodkind Labation Rudoff and Sucharow LLP, Christopher Lometti, Frank R. Schirripa, Schoengold and Sporn PC, New York City, Marc A. Topaz, Schiffrin Craig and Barroway LLP, Bala Cynwyd, PA, for Plaintiffs.

Andrew Gendron, G. Stewart Webb, Jr., Gabrielle S. Moses, Venable Baetjer and Howard LLP, Gerard J. Gaeng, David Matthew Wyand, Rosenberg Martin Funk Greenberg LLP, Steven F. Barley, Hogan and Hartson LLP, Max Higgins Lauten, Kramon and Graham, Daniel Frank Goldstein, Brown Goldstein and Levy LLP, Baltimore, MD, Douglas P. Baumstein, Glenn M. Kurtz, Joseph B. Schmit, White and Case LLP, Amy Neuhardt, Shearman and Sterling LLP, Anthony T. Wladyka, III, Proskauer Rose LLP, Howard Wilson, Proskauer Rose LLP, Richard L. Spinogatti, Proskauer Rose LLP, New York City, John Arak Freedman, Angela Joy Showalter, Leslie Wharton, Scott B. Schreiber, Arnold and Porter, Alexandre de Gramont, Richard J. Morvillo, Crowell and Moring LLP, Brian J. Kelly, Blank Rome LLP, Richard L. Brusca, Skadden Arps Slate Meagher and Flom LLP, Laurin H. Mills, Nixon Peabody LLP, Washington, DC, Carolyn G. Nussbaum, Richard A. McGuirk, Nixon Peabody LLP, Rochester, NY, for Defendants.

## MEMORANDUM

BLAKE, District Judge.

Now pending is the Lead Plaintiffs' Motion for an Order Partially Lifting the PSLRA Discovery Stay to Permit Limited Discovery from Certain Non–Parties. The issue has been fully briefed, and no hearing is necessary. For the reasons stated below, the motion will be granted.

The discovery sought consists of documents directly relevant to the alleged vendor rebate and promotional allowance fraud at defendant U.S. Foodservice ("USF"). An exception to the PSLRA discovery stay is warranted if necessary to preserve evidence or to prevent undue prejudice to the party seeking the discovery. *See* 15 U.S.C. § 78u–4(b)(3)(B).[1] While the plaintiffs have not shown that a partial lifting of the stay as to the non-parties is necessary to preserve evidence, they have shown that a delay in the production of the particularized discovery sought here would cause undue prejudice to their ability to litigate and, most significantly, resolve as expeditiously as possible their claims against the Ahold defendants, including USF. *See In re Royal Ahold N.V. Sec. & Erisa Litig.*, 220 F.R.D. 246 (D.Md.2004).

Of the non-parties, only Kraft Foods North America, Inc. ("Kraft") and General Mills, Inc. ("General Mills") have objected to the production. Kraft's specific objections have been addressed in the second revised proposed Order submitted by Lead Plaintiffs, in particular by the provision limiting disclosure to parties only and prohibiting access by third-party witnesses. General Mills simply disagrees with the

---

1. Third parties are protected by the discovery stay provisions of the PSLRA. *In re Carnegie Int'l. Corp. Sec. Litig.*, 107 F.Supp.2d 676, 679–81 (D.Md.2000).

analysis of "undue prejudice" stated in the court's earlier opinion as to Royal Ahold and USF-related documents. It does not articulate any specific burden that would be imposed by permitting the limited discovery sought by Lead Plaintiffs.[2]

Finally, defendants Deloitte & Touche Accountants and Deloitte & Touche LLP ("Deloitte") object on the grounds that they need protection against "abusive and discovery costs associated with defending against baseless allegations." Mem. in Opp'n at 1 (Docket No. 186). Whether the allegations against Royal Ahold's accountants have merit remains to be seen, but clearly there are allegations against at least some of the Ahold defendants that cannot be described as "baseless."[3] The non-parties' dealings with the Ahold defendants are the focus of the Lead Plaintiffs' present discovery requests. Further, the interest of the parties, the public, and the court lies in a prompt settlement of the claims against the Ahold defendants, if that is possible. Delaying that process because of Deloitte's perceived need to review the non-party documents as they are produced, rather than awaiting the outcome of the motions to dismiss, would indeed cause undue prejudice to the parties seeking an expeditious resolution.

Accordingly, the Lead Plaintiffs' Motion will be granted. The proposed Order attached to the Lead Plaintiffs' Reply will be approved.

### ORDER PARTIALLY LIFTING THE PRIVATE SECURITIES LITIGATION REFORM ACT DISCOVERY STAY TO PERMIT LIMITED DISCOVERY FROM CERTAIN NON–PARTIES

Upon consideration of the motion dated April 19, 2004, filed on behalf of Lead Plaintiffs, the Public Employees' Retirement Association of Colorado ("COPERA") and Generic Trading of Philadelphia, LLC ("Generic Trading") seeking a partial lifting of the discovery stay imposed pursuant to Section 21D(b)(3)(b) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B) (the "PSLRA"), the Memorandum of Law filed in support thereof, all prior pleadings and proceedings had herein, and for good cause shown:

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. Lead Plaintiffs' Motion for an Order Partially Lifting the Private Securities Litigation Reform Act Discovery Stay to Permit Limited Discovery From Certain Non–Parties (Docket No. 172) is **GRANTED**;

2. The following documents shall be PRODUCED to counsel for COPERA and Generic Trading no later than **June 30, 2004**: all documents and materials that ConAgra Foods, Inc. ("ConAgra"), General Mills, Inc. ("General Mills"), H.J. Heinz Corporation ("Heinz"), Kraft Foods North America ("Kraft"), Sara Lee Corporation ("Sara Lee"), and Tyson Foods, Inc. ("Tyson") (collectively, the "Non–Parties") have produced or provided, respectively, in connection with inquiries or investigations by governmental, regulatory, or self-regulatory agencies with regard to ConAgra's, General Mills', Heinz's, Kraft's, Sara Lee's, or Tyson's business dealings and/or course of conduct involving Royal Ahold, N.V., Ahold USA, Inc., and/or Ahold USA Holdings, Inc. (collectively, "Royal Ahold"),

---

**2.** General Mills merely states in a footnote, without further explanation that it "does not agree ... that there would be no burden."

**3.** The Ahold defendants have not filed any objection to the present motion.

and/or U.S. Foodservice, Inc. ("USF"), or any predecessor or subsidiary of Ahold or USF, from January 1, 1998 through the present. This production, as well as the production to be made by Ahold pursuant to the Court's March 12, 2004 Order (Docket No. 154), will—without waiver of any party's rights to seek subsequent disclosure—exclude: (1) the written reports prepared in connection with Royal Ahold's and USF's internal investigations; (2) all witness statements; (3) interview notes; and (4) correspondence with the United States Department of Justice and/or any entity duly authorized to act on its behalf, if any. The production will otherwise include documents and materials produced or provided to any of the following entities:

   a.  any committee or agency of the legislative branch of the United States government;

   b.  any department or agency of the executive branch of the United States government (including but not limited to the Department of Labor and the Department of Justice);

   c.  any United States Attorney's Office (including but not limited to the United States Attorney's Office for the Southern District of New York);

   d.  the United States Securities and Exchange Commission ("SEC");

   e.  the New York Stock Exchange ("NYSE");

   f.  the National Association of Securities Dealers ("NASD");

   g.  the Office of the Dutch Public Prosecutor;

   h.  the Euronext Amsterdam Exchange;

   i.  the Dutch Authority for Financial Markets; or

   j.  any other governmental, regulatory, or self-regulatory agency.

3. Non–Parties producing documents pursuant to this Order shall, respectively, produce no later than **June 30, 2004** a privilege log identifying any and all documents withheld from production based upon a claim of privilege, work product immunity, relevance or any other ground.

4. Access to the documents and underlying information produced by the Non–Parties is expressly limited to authorized representatives of the parties pursuant to paragraph 1(d) of the Order Governing Confidential Treatment of Discovery Material (Docket No. 82). None of Non–Parties or their representatives shall be given access to documents produced by any of the other Non–Parties, or to the underlying information therein, except upon written motion and a further order of the Court.

5. Copies of this Order and the accompanying Memorandum shall be **SENT** to counsel of record.